IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Diego Sanchez Rivera,<br><br>               Plaintiff,<br><br>v.<br><br>York County Detention Center, York County Sheriff's Office, Kevin Tolson, John and Jane Does 1-100,<br><br>               Defendants.<br>_____ | Civil Action No. 6:24-cv-6917-BHH<br><br>**<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff Diego Sanchez Rivera's ("Plaintiff") amended complaint seeking money damages from Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 9.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

      On December 27, 2024, the Magistrate Judge issued an order informing Plaintiff that his original complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted, and informing Plaintiff that he could attempt to cure the identified defects by filing an amended complaint. (ECF No. 7.) Plaintiff filed his amended complaint on January 15, 2025. (ECF No. 9.) After review, however, the Magistrate Judge found that Plaintiff's amended complaint likewise fails to state a claim upon which relief may be granted. Accordingly, in his Report, the Magistrate Judge recommends that the Court dismiss this action. (ECF No. 12.)

      Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), the Court dismisses Plaintiff's § 1983 claims with prejudice and without further leave to amend; the Court dismisses Plaintiff's state law claims without prejudice so Plaintiff may re-file them in state court; and the Court dismisses this action without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 13, 2025
Charleston, South Carolina